UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIO PEREZ,

    Plaintiff,

v.                                                        CASE NO. 6:08-cv-1199-Orl-31KRS

STATE ATTORNEY'S OFFICE,

    Defendant.

**ORDER OF DISMISSAL**

Plaintiff, confined in a Florida prison and proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 3.)

*I.  Allegations of Plaintiff's Complaint*[1]

Plaintiff states that he was arrested on March 18, 2008, for "crimes he didn't commit."[2] (Doc. No 3 at 8-9.) Plaintiff alleges that the police reports do not contain sufficient evidence to charge him with these crimes. *Id*. at 9-10. He maintains that the State Attorney's Office did not read these reports and is trying to "come up with some kind of evidence to keep [him] in jail . . . ." *Id*. at 10. Additionally, Plaintiff states that the State Attorney's Office is violating his constitutional rights by filing motions in an untimely

---

[1] The allegations in Plaintiff's Complaint concern Plaintiff's underlying state criminal case.

[2] It appears that Plaintiff was arrested for a burglary that occurred on February 24, 2008. *See* Doc. No. 3 at 8.

manner and requesting extensions of time to prepare for trial. *Id*. at 8. Plaintiff seeks an unstated amount of compensatory damages. *Id*. at 11.

## II.   *Standard of Review*

Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[3]

>   (b)   Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

---

[3] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution of laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Tillman v. Coley*, 886 F.2d 317, 319 (11th Cir. 1989); *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989).

### III. Discussion

Plaintiff names the "State Attorney's Office" as the sole Defendant in the instant Complaint. (Doc. No. 3 at 6.)

The Eleventh Amendment to the United States Constitution grants States immunity from suits brought by private citizens in federal court. U.S. Const. amend. XI; *see Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (the immunity of the states from suit in the federal courts, as guaranteed by the Eleventh Amendment, is not overridden by 42 U.S.C. § 1983). This immunity extends also to agents or "arms" of the state for the purpose of section 1983 actions. *See Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007); *Blizzard v. Caskey*, No. 2:06-cv-64-FtM-34SPC, 2008 U.S. Dist. LEXIS 18704, at *5-6 (M.D. Fla. Mar. 11, 2008).

Florida courts have held that the State Attorney and the State Attorney's Office is an "arm of the state," for purposes of the Eleventh Amendment. *See Allen v. Moreland*, No. 8:04-CV-2530-T-17-EAJ, 2005 U.S. Dist. LEXIS 43912, at *6 (M.D. Fla. June 30, 2005); *Farrell

*v. Woodham*, No. 2:01-cv-417-FTM-29DNF, 2002 U.S. Dist. LEXIS 11818, at *11 (M.D. Fla. May 29, 2002). Therefore, Eleventh Amendment immunity requires dismissal as to Defendant.

Moreover, it should be noted that even if Plaintiff had named as a defendant the individual district attorney who is prosecuting his case, this action would still be subject to dismissal. A prosecutor is immune from suit under section 1983 for acts taken during the course of his duty as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (prosecutors enjoy absolute immunity from suits relating to the initiation and pursuit of criminal prosecution, alleging malicious prosecution, regarding appearances before the court, and stemming from the prosecutor's function as an advocate).

Because Plaintiff seeks monetary relief from a defendant who is immune from such relief, this case must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 4, filed Aug. 6, 2008) is **DENIED.**

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 8th day of October, 2008.

Copies to:
pslc 10/8
Julio Perez

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE